## SUPERIOR COURT

Eugene E. Sullivan,
Ex'r of Will of
Jennie Sullivan
     vs.      } Law No.62735
John H. Hollis, alias
John Doe, and Anthony Picani, alias
Richard Roe

RESCRIPT

May 12, 1925

BAKER, J. Heard on demurrer to the amended declaration.

The principal ground urged is that the defendants are improperly joined. It is argued that in an action of negligence two parties can not be sued jointly where the relation of master and servant exists. It would seem to be clear that this is the law. Apparently, however, it does not apply to the case at bar because there is no allegation in the declaration that the relationship existing between the two defendants is that of master and servant. If any such claim was made in the declaration, the court believes that the demurrer would be good. The declaration merely sets out, however, that one defendant owned the motorcycle and the other was driving it. Very possibly the plaintiff does not know what the relationship between the two defendants was at the time.

The defendants also urge that the case of Besharian vs. R. I. Company, 41 R. I. 94, is in point. In the judgment of the court, however, this case is not decisive of the case at bar. In the above case it is clear that there were two separate and distinct acts of negligence committed by two separate defendants, and the court says that such concurring acts of negligence do not constitute a joint tort.

According to the case set out in the present declaration, however, there was but one act of negligence, namely, the colliding of the motorcycle with the plaintiff's automobile, and the further allegation that the plaintiff is joining the two defendants under the statute, being in doubt as to which of the said defendants is liable for said act.

In the opinion of the court under the allegations made in the declaration the two defendants are not improperly joined.

In regard to the matter of permanent injuries, it would appear to the Court that this is alleged with sufficient certainty. If the defendants desire to obtain information as to the nature of such injuries doubtless they may do so through a bill of particulars.

It also would seem to the court that the allegation of the death of Jennie Sullivan is merely for the purpose of establishing the position of the plaintiff in the case as her executor, and that it is clear from the declaration that no claim is made that the accident caused her death, and that the declaration is not demurrable on this ground.

The demurrer to the declaration is therefore overruled.

For Plaintiff: Fergus J. McOsker.

For Defendants: William R. Champlin.